UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 10379MEL

ARBEN KALLAMA )
    Petitioner )
  ) PETITION FOR HABEAS CORPUS
v. )
  )
BRUCE CHADBOURNE )
  Respondent    MAGISTRATE JUDGE

RECEIPT # 54118
AMOUNT $
SUMMONS ISSUED N\A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE

Now comes the Petitioner:

1. The Petitioner, Arben Kallama, is a resident of Massachusetts and is presently in the custody of the Immigration and Custom Enforcement, at the Suffolk County Corrections (South Bay), Boston, Massachusetts.

2. The Respondent, Bruce Chadbourne, is the Director for the U.S. Immigration and Custom Enforcement, District of Boston..

JURISDICTION

3. Jurisdiction is granted to this United States District Court pursuant to 28 U.S.C. §2241, a writ of habeas corpus can extend to a prisoner who is in custody "in violation of the constitution or laws or treaties of the United States." 28 U.S.C. §2241(C)(3); Oliva v. INS, 1999 WL 61818 (2nd Cir. 1999).

SUMMARY OF ISSUE

4. Whether the US Immigration and Custom Enforcement can execute Petitioner on a final order of Removal, where a Motion to Reopen based upon improper notice is pending before the Immigration Judge.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

5. Petitioner, Arben Kallama, is native and citizen of Albania. He entered the United States on or about August 11, 1997. Respondent applied for Political Asylum in the United States with the Immigration and Naturalization Service. Respondent's application was referred to the Immigration Judge and he was placed in removal proceedings.

6. Petitioner did not speak or understand English at the time his Notice to Appear was issued. The Immigration and Naturalization Service asked another Albanian also in Removal Proceedings to translate the Notice to Petitioner. The individual asked, however, did not speak English well and did not explain the notice to Petitioner and Petitioner did not understand that he would need to appear for a hearing.

7. Petitioner was ordered removed in absentia by the Immigration Judge on February 25, 1998.

## ANALYSIS

8. The Petitioner Moves this Honorable Court to grant his request for habeas relief and stay his removal pending the outcome of his Motion to Reopen, filed with the Immigration Judge.

9. The Petitioner meets the four part test set forth in Arevalo v. Ashcroft for a judicial stay of removal. Arevalo v. Ashcroft, 344 F.3d 1, 7 (1st Cir. 2003). The Court, in that case, stated that "a petitioner must demonstrate (1) that he is likely to succeed on the merits of his underlying case; (2) that he will suffer irreparable harm absent the stay; (3) that this harm outweighs any potential harm fairly attributable to the granting of the stay; (4) that the stay would not disserve the public interest." Id.

10. Petitioner is likely to succeed on the merits of his claim to reopen his proceedings. Petitioner was not provided with oral notice of proceedings in his native language, the only language he understands. There are no restrictions to reopening proceedings to seek discretionary relief because Petitioner did not receive oral notice. Petitioner is seeking discretionary relief in the form of Political Asylum.

11. Petitioner would suffer irreparable injury if removed from the United States. Petitioner has a well-founded fear of persecution on account of his political opinion if returned to Albania.

12. A balancing of the hardships in this case favor the Petitioner. Petitioner has no criminal history and has not been a burden to society. If his stay of removal is granted, Petitioner presents no potential harm to society or the government. However, if the Petitioner is removed without being able to adjudicate his claim on the merits, he would suffer irreparable harm, as described above.

13. The stay of removal, would not only not disservice the public interest, but is in the public interest. It is in the public interest to see justice done and to have claims before the courts adjudicated on their merits. Petitioner's case has never been addressed on the merits. If

Petitioner does not receive a stay of removal, he will be forced to leave his home and to return to a place he fears, and possibly, to his death without ever having his claim heard, setting a precedent for denying non-citizens a right to adjudication on the merits.

                                                              Respectfully Submitted,
                                                              Arben Kallama
                                                              the Petitioner
                                                              By his Attorney

Date: 2/24/04

                                                              Stephen A. Lagana, Esq.
                                                              Lagana & Associates
                                                              145 Essex Street
                                                              Lawrence, MA 01840
                                                              978-794-2331
                                                             BBO#: 565811

**LAGANA & ASSOCIATES**
ATTORNEYS AT LAW
145 ESSEX STREET
LAWRENCE, MA 01841
TEL. (978) 794-2331
FAX: (978) 794-2441

January 8, 2004

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Docket Clerk
Office of the Immigration Judge
26 Federal Plaza, 12th Floor
New York, NY 10278

**RE: KALLAMA, Arben/File # A75-561-115**

Dear Sir/Madam:

Enclosed for filing, please find Respondent's Motion to Reopen, Memorandum of Law, Affidavit, and Application for asylum in support. Your assistance regarding this matter is greatly appreciated.

Sincerely,

Stephen A. Lagana, Esq.
Lagana & Associates

SAL/ja
Encs.

## CERTIFICATE OF SERVICE

I, Stephen A. Lagana, Counsel for the Respondent, hereby certify that on this date I have mailed to the Department of Homeland Security, Assistant District Counsel, at 26 Federal Plaza, Room 1130, New York, NY 10278 a copy of the enclosed Motion, Memorandum, Affidavit, and Application.

_____        1/8/04
Stephen A. Lagana, Esq.        Date