UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
ARBEN KALLAMA,                      )
                                    )
    Petitioner,                     )
                                    )  C.A. No. 04-10379-MEL
v.                                  )
                                    )
BRUCE CHADBOURNE,                   )
                                    )
    Respondent.                     )
_____)

RESPONDENT'S (ASSENTED TO)[1] MOTION TO DISMISS AND
MEMORANDUM OF LAW IN SUPPORT THEREOF

Respondent hereby moves to dismiss this case as moot in light of the fact that petitioner has been removed from this Country.

As reported to this Court on April 2, 2004, Respondent was scheduled to be deported to Albania on April 9, 2004. His deportation was effectuated on that date.

Accordingly, the action should be dismissed as moot.

ARGUMENT

I.   PETITIONER HAS BEEN DEPORTED AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues

---

[1] Petitioner reported to this Court on March 2, 2004, that he would voluntarily dismiss this action, but he never filed the appropriate documentation. Nonetheless, he assents to this Motion.

1

presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, S. 2 et seq.; see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994).

Because the relief sought in the petition (stay of removal pending the outcome of his Motion to Reopen with the Immigration Court in New York) is no longer viable since petitioner has been deported, there is no live case or controversy. See also Soliman v. USA, ex rel. INS, 296 F.3d 1237(11th Cir. 2002)(alien's challenge to length of post-order detention under section 1231(a)(6) was mooted upon his removal from the United States); Miranda v. Reno, 238 F.3d 1156, 1159 (9th Cir. 2001)

("No interpretation of [28 U.S.C.] § 2241 that is not utterly at war with its plain language permits us to exercise habeas corpus jurisdiction over Miranda's claims.  Immigrants who have already been removed, such as Miranda, do not satisfy the 'in custody' requirement of habeas corpus jurisdiction."); cf. Perez v. Greiner, 296 F.3d 123(2nd Cir. 2002)(appeal of section 2254 habeas dismissal was mooted by alien's deportation where alien was otherwise permanently barred from re-entering the United States due to a separate criminal conviction).

    Accordingly the petition should be dismissed as moot.

CONCLUSION

    There being no present case or controversy, this action should be dismissed, with prejudice, for mootness.

    Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


/s/
MICHAEL P. SADY
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way-Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: May 4, 2004

```
                    /s/ (by ms)
                    FRANK CROWLEY
                    Special Assistant U.S. Attorney
                    United States Immigration &
                    Naturalization Service
                    P.O. Box 8728
                    J.F.K. Station
                    Boston, MA 02114
                    (617) 565-2415
```

**CERTIFICATE OF SERVICE**

I, Michael Sady, hereby certify that on this 4rd day of May, 2004, I served a copy of this document on petitioner's counsel Stephen A. Lagana, Lagana & Associates, 145 Essex Street, Lawrence, MA  01841.

```
                    /s/
                    Michael Sady
```

**RULE 7.1 CERTIFICATION**

I, Michael Sady, hereby certify that counsel have conferred as to the content of this Motion, and Petitioner's counsel assents to its allowance.

```
                    /s/
                    Michael Sady
                    Assistant U.S. Attorney
```

4